IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENXBIO INC. and THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 20-1226 (RGA) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SAREPTA THERAPEUTICS, INC. and SAREPTA THERAPEUTICS THREE, LLC, | ) ) ) ) ) | **REDACTED – PUBLIC VERSION** Original filing date: June 8, 2023 Redacted filing date: June 15, 2023 |
| Defendants. | ) | |

**SAREPTA THERAPEUTICS, INC. AND SAREPTA THERAPEUTICS THREE, LLC'S UNOPPOSED MOTION TO REDACT MAY 2, 2023 TRANSCRIPT**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, Defendants Sarepta Therapeutics, Inc. and Sarepta Therapeutics Three, LLC (collectively "Sarepta") respectfully seek an Order redacting very limited, highly confidential portions of the transcript from the discovery dispute conference in this case held May 2, 2023 (D.I. 170). The limited, proposed redactions are highlighted in the attached Exhibit A, and a redacted copy of the Transcript is attached as Exhibit B.

Sarepta's proposed redactions are narrowly tailored and apply only to confidential information concerning (i) the status of ███████████████████████████████████ ███████████████████████████, and (ii) Sarepta's ██████████████ and plaintiffs' damages calculation that is based, at least in part, on Sarepta's ██████████████. This information is confidential and not available to the public, and the public disclosure of this information could harm Sarepta's competitive standing in the marketplace. Thus, for the reasons set forth below,

Sarepta respectfully requests that the Court grant Sarepta's motion to redact the discovery teleconference transcript as set forth in Exhibit B.

Pursuant to D. Del. L.R. 7.1.1, Delaware Counsel met and conferred on the proposed redactions, and plaintiffs do not oppose the relief sought by Sarepta's motion to redact.

## II. BACKGROUND

On April 14, 2023, plaintiff REGENXBIO, Inc. ("REGENXBIO") invoked the Court's discovery dispute procedure, and a teleconference was set for May 2, 2023. (D.I. 161). The sole disputed issue was REGENXBIO's request for production of an unredacted version of the December 21, 2019 License, Collaboration, and Option Agreement between Sarepta and F. Hoffman-La Roche Ltd. REGENXBIO filed its opening dispute letter on April 21, 2023. (D.I. 162). On April 25, 2023, Sarepta filed its responsive letter under seal (D.I. 164), and confidential portions of the exhibits to that letter were redacted from the public filing (D.I. 169).

The official transcript of the discovery teleconference was filed on May 18, 2023, and the Court set a June 8, 2023 deadline for submitting redaction. (D.I. 170). The parties filed a Joint Notice of Intent to Request Redaction of Transcript on May 25, 2023. (D.I. 171).

## III. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may be entered for good cause, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed. . . ." FED. R. CIV. P. 26(c)(1), 26(c)(1)(G). Likewise, Rule 5.2(e) allows a court to require redaction of additional information or limit or prohibit a nonparty's remote electronic access to a document filed with the court. FED. R. CIV. P. 5.2(e).

Although there is a presumption of public access to judicial proceedings and records, *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988), that right is "not absolute," *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978). To this end, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Id.* Courts must balance the presumption of public access to judicial proceedings and records against factors such as protection of confidential business information, the release of which could prove detrimental to business standing. *Littlejohn*, 851 F.2d at 678.

A party seeking to seal a portion of a judicial record bears the burden of showing that (1) the material is the kind of information that courts will protect, and (2) good cause exists to justify the redaction. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *see also In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted). In addition, courts have recognized that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] satisfy both interests." *Willingham v. Ashcroft*, 355 F. Supp. 2d 390, 391 (D.D.C. 2005) (quoting *United States v. Hubbard*, 650 F.2d 293, 324-25 (D.C. Cir. 1980)).

In order to establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *In re Cendant Corp.*, 260 F.3d at 194 (citation omitted); *see also Avandia*, 924 F.3d at 671. The court's assessment of whether good cause exists "generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *MOSAID Techs.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). "[I]f a case involves private litigants, and concerns matters of

little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy,* 23 F.3d at 788.

IV. **ARGUMENT**

Sarepta's requests are narrowly tailored, and Sarepta seeks the least restrictive option available to safeguard its confidential information that was discussed during the May 2, 2023 hearing. As Exhibit A demonstrates, Sarepta seeks to seal only a few limited portions of the transcript.

The first set of proposed redactions, on pages 4 and 5 of the transcript, reveal confidential details concerning the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, a product for which Sarepta is currently seeking FDA approval. If competitors were able to access this confidential information on the ▇▇▇▇▇▇ ▇▇▇▇▇▇ of Sarepta's clinical candidates, that would cause significant injury to Sarepta in view of the highly competitive nature of gene therapy development. *See* Declaration of Ian M. Estepan ("Estepan Decl."), ¶ 5.

The second set of proposed redactions, on pages 27-28 and in the corresponding portions of the word index, reveal information concerning Sarepta's confidential, ▇▇▇▇▇▇▇, including plaintiffs' damages claim that relies, at least in part, on those ▇▇▇▇▇▇▇. If competitors were able to access Sarepta's nonpublic ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, there would be significant competitive harm to Sarepta. *See id.*

Sarepta respectfully submits that its redactions are minimal and maintain the balance between public access and maintaining confidential of sensitive, competitive information. Courts routinely recognize that confidential commercial information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied Extrusion Techs.,*

4

*Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing that "protection of a party's interest in confidential commercial information" is an exception to the right of public access). In contrast to the significant competitive harm to Sarepta, there is no public interest in disclosing publicly the highly confidential information that Sarepta seeks to seal. Because this "case involves private litigants" and a party's confidential information, there is no "legitimate public interest" in the public disclosure of the information that Sarepta asks to have redacted. *See Pansy*, 23 F.3d at 788. Therefore, Sarepta's interest in maintaining the confidentiality of the proposed redacted information outweighs any countervailing public interest. *See id*.

## V. CONCLUSION

For the reasons set forth above, Sarepta respectfully submits that it has shown the requisite "good cause" under Rule 26(c) for sealing those portions of the transcript relating to Sarepta's confidential commercial information concerning (i) status of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ 1, and (ii) confidential ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Sarepta respectfully requests that its motion to redact be granted, and the version of the May 2, 2023 transcript attached as Exhibit B to this motion be entered as the public version. A proposed order is attached.

OF COUNSEL:

Andrew M. Berdon
Robert B. Wilson
James E. Baker
Anastasia M. Fernands
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849 7000

Molly Moore
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203 2700

William B. Raich, Ph.D.
Michael J. Flibbert
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

June 8, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 8, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Susan E. Morrison, Esquire<br>Casey M. Kraning, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue 17th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff REGENXBIO Inc.* | *VIA ELECTRONIC MAIL* |
| Brian D. Coggio, Esquire<br>Jeremy T. Saks, Esquire<br>FISH & RICHARDSON P.C.<br>7 Times Square 20th Floor<br>New York, NY  10036<br>*Attorneys for Plaintiff REGENXBIO Inc.* | *VIA ELECTRONIC MAIL* |
| Kurt L. Glitzenstein, Esquire<br>J. Peter Fasse, Esquire<br>FISH & RICHARDSON P.C.<br>1 Marina Park Drive<br>Boston, MA  02210<br>*Attorneys for Plaintiff REGENXBIO Inc.* | *VIA ELECTRONIC MAIL* |
| Amy M. Dudash, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>1201 North Market Street, Suite 2201<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff The Trustees of the University of Pennsylvania* | *VIA ELECTRONIC MAIL* |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Eric Kraeutler, Esquire  *VIA ELECTRONIC MAIL*
Julie S. Goldemberg, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
 *Attorneys for Plaintiff The Trustees of the University of Pennsylvania*

Janice H. Logan, Esquire  *VIA ELECTRONIC MAIL*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
*Attorneys for Plaintiff The Trustees of the University of Pennsylvania*

/s/ *Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)

2